UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20148-COOKE

MARWAN ISKANDER,

    Appellant,

v.

CARRERA USA, LLC,

    Appellee.

_____/

**ORDER REVERSING BANKRUPTCY COURT ORDER AND REMANDING**

THIS MATTER is before me on Appellant Marwan Iskander's ("Appellant" or "Iskander") appeal of the bankruptcy court's Order Granting Carrera USA, LLC's Emergency Motion for Relief From Stay. (*See* Notice of Appeal, ECF No. 1.) For the reasons stated below, I reverse the ruling of the bankruptcy court and remand for further proceedings consistent with this Order.

**I.   BACKGROUND**

Appellant owned two properties: condominium unit #1413 located at 1915 Brickell Avenue, Miami, Florida ("Unit 1413"), where he resided, and a house located at 51 S.W. 19th Road, Miami, Florida (the "51 S.W. 19th Road Property"). Both properties were in foreclosure proceedings, but Appellant was negotiating loan modifications with the secured lenders. On May 12, 2014, Appellant filed a voluntary chapter 13 bankruptcy petition (the "First Bankruptcy") to stop the sale of Unit 1413. *In re Marwan Iskandar*, No. 14-20822-AJC (Bankr. S.D. Fla.). Appellant was unaware at the time that the circuit court had entered an order continuing the sale of the Unit 1413 property. On May 30, 2014, Appellant filed a motion to dismiss the First Bankruptcy *without prejudice*. On July 9, 2014, however, the bankruptcy court denied Appellant's motion to dismiss the case *without prejudice* and dismissed the case *with prejudice*, prohibiting Appellant from refiling any bankruptcy case for six months.

The 51 S.W. 19th Road Property was set for foreclosure sale on November 3, 2014. On October 21, 2014, Appellant filed an emergency motion to reopen the First Bankruptcy and shorten the prejudice period to allow him to file a second bankruptcy case. On October 29, 2014, the bankruptcy court conducted a hearing on the motion to shorten the prejudice period. (ECF No. 3). During the hearing, the bankruptcy court stated that it would reopen the First Bankruptcy and shorten the prejudice period to allow Appellant to file a new bankruptcy case; and that it would not stop the November 3, 2014 foreclosure sale, but that it would enjoin the clerk of the court from issuing the certificate of sale until further order. The Court required Appellant's counsel to submit a proposed order. On October 31, 2014, the bankruptcy court entered an order – based on Appellant's counsel's proposed order – shortening the prejudice period to permit Appellant to file a second bankruptcy case (the "Order Shortening"). (ECF No. 2-3 at 6-7 of 24). The Order Shortening contained a scrivener's error that is at the heart of this appeal. It allowed the foreclosure sale to go forward on November 3rd, but enjoined the clerk of the circuit court from issuing the **certificate of *title*** (rather that the **certificate of *sale***). (*Id.*). This scrivener's error was significant because, under bankruptcy and Florida law, a debtor loses the right to restructure a mortgage after a foreclosure sale has taken place and a certificate of sale has issued. *See In re Jaar*, 186 B.R. 148, 154 (Bankr. M.D. Fla. 1996); *In re Reid*, 200 B.R. 265, 267 (Bank. S.D. Fla. 1996); Fla. Stat. § 45.0315.

On October 31, 2014, the same day the Order Shortening was entered, Appellant filed a voluntary chapter 7 petition commencing his second bankruptcy case (the "Second Bankruptcy"). *In re Marwan Iskander*, No. 14-34372-AJC (Bankr. S.D. Fla.). Also on that date, the Suggestion of Bankruptcy (as to the Second Bankruptcy) and Order Shortening were electronically filed in the state foreclosure case, but third-party purchaser Carrera USA LLC ("Carrera" or "Appellee") did not receive notification of these filings because it was not a registered party to that case. (ECF No. 2-3 at 21-24 of 24). The foreclosure sale of the 51 S.W. 19th Road Property proceeded on November 3, 2014, and Carrera was the successful bidder at $706,826.10. Several hours after Carrera bid on the property, Appellant filed the Suggestion of Bankruptcy and Order Shortening with the Clerk of Court for Miami-Dade County Land Sales Division. Thus, Carrera did not have actual notice of the Second Bankruptcy or Order Shortening when it bid on the property. (ECF No. 2-4 at 65 of 140).

On November 6, 2014, the clerk of the circuit court issued the certificate of sale, but did not issue the certificate of title, consistent with the Order Shortening. On that same day, in the Second Bankruptcy, Carrera filed an emergency motion for relief from stay to direct the clerk of the circuit court to issue the certificate of title. (ECF No. 2-4 at 4-19 of 140). On November 12, 2014, Appellant filed a motion to convert his Chapter 7 case to a case under Chapter 11 to enable him to restructure debt on the 51 S.W. 19th Road Property through a Chapter 11 plan of reorganization. (*Id.* at 20-21).

On November 13, 2014, in the First Bankruptcy, Appellant filed a motion to alter or amend the Order Shortening to correct the scrivener's error. (ECF No. 2-3 at 8 of 24). Appellant represented in that motion that, to make Carrera whole, Appellant stood ready to pay interest on the money Carrera had deposited for the purchase of the 51 S.W. 19th Road Property. On November 14, 2014, the bankruptcy court conducted a hearing on the Debtor's motion to alter or amend the Order Shortening and Carrera's motion for relief from stay. (ECF No. 15). The hearing was continued to November 19, 2014. (ECF No. 16).

On December 15, 2014, after the parties had submitted competing memorandum opinions and supplemental briefing, the bankruptcy court entered its Order Granting Stay Relief, which in effect denied Appellant's motion to alter the Order Shortening. The bankruptcy court found that the equities favored Carrera, whom the Court considered an innocent third party purchaser who was unaware at the time of bidding on the property that there were any restrictions on the issuance of the certificate of sale.

Appellant then timely filed a notice of appeal from the Order Granting Stay Relief.

## II. LEGAL STANDARDS

The standard of review of a bankruptcy court's ruling to lift the automatic stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion. *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989). Likewise, decisions to amend an order under Federal Rule of Civil Procedure 60(a) are reviewed for abuse of discretion. *Federal Home Loan Mortgage Corp. v. Matassino*, 517 Fed. Appx. 687, 688 (11th Cir. 2013).

## III. DISCUSSION

Appellant argues that the bankruptcy court erred in failing to exercise its discretion under Federal Rules of Bankruptcy Procedure 9024 (which incorporates Federal Rules of

Civil Procedure 60)[1] to correct the scrivener's error in the Order Shortening. He argues that the bankruptcy court erred in its analysis because Carrera was not an "innocent" third party purchaser because: (1) Debtor had publicly filed in the state foreclosure case a suggestion of bankruptcy, which had the Order Shortening attached, prior to Carrera bidding on the property; and (2) the website used by Carrera to bid on the property contained numerous disclosures warning bidders that foreclosure sales were risky and could be cancelled, set aside, or deemed void. Appellee argues that the bankruptcy court did not abuse its discretion in granting its Emergency Motion for Stay Relief, and denying Appellant's Motion to Alter and Amend because the equities lie with Appellee, who is the more innocent party, and because there was sufficient "cause" to lift the bankruptcy stay.

Federal Rule of Civil Procedure 60(a), "Corrections Based on Clerical Mistakes; Oversights and Omissions," provides that, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(a) is used to correct an order to reflect the decision that the court actually intended at the time of ruling. *See Federal Home Loan Mortg. Corp. v. Matassino*, 517 Fed. Appx. 687, 688-89 (11th Cir. 2013). In other words, Rule 60(a) "concerns 'what is erroneous because the thing spoken, written, or recorded is *not what the person intended* to speak, write or record….'" *Chavez v. Balesh*, 704 F.2d 774, 776 (5th Cir. 1983) (citing *Allied Materials Corp. v. Superior Products Co.*, 620 F.2d 224, 226 (10th Cir. 1980)).

There is no doubt that Rule 60(a) permits a trial court under appropriate circumstances to correct the type of error at issue in this appeal. Clearly, the bankruptcy court intended to enjoin the issuance of the certificate of *sale*, not the issuance of the certificate of *title*. There is no dispute about that. The Order Shortening reflected an error which arose because counsel for Appellant included the wrong language in the proposed order, and because the bankruptcy court failed to catch the error before entering the proposed order as its own. The bankruptcy court recognized that it had the authority to

---

[1] While Appellant moved in the bankruptcy court pursuant to both Federal Rule of Bankruptcy Procedure 9023 (which incorporates Federal Rule of Civil Procedure 59) and Federal Rule of Bankruptcy Procedure 9024 (which incorporates Federal Rule of Civil Procedure 60), he later recognized that the applicable rule was Rule 60(a). (ECF No. 2-4 at 102 of 140).

correct this error before it granted Appellee's Emergency Motion for Relief from Automatic Stay, in effect denying Appellant's motion to alter or amend the Order Shortening to correct a scrivener's error. The only issue in this appeal is whether the bankruptcy court abused its discretion in so doing. I find that, under the circumstances, it did.

In finding that the bankruptcy court abused its discretion, I am cognizant of cases recognizing that a Rule 60(a) analysis should weigh in the balance the rights of innocent third parties that would be affected by a correction to the court's order. *See, e.g.*, *West Virginia Oil & Gas Co., Inc. v. George E. Breece Lumber Co., Inc.*, 213 F.2d 702, 705 (5th Cir. 1954) (stating that "third parties who have acquired their interest in the property in suit in good faith and without knowledge of the alleged mistake in the former judgment" should not be prejudiced by correction to court's order); *In re Village by the Sea*, 98 B.R. 93, 96 (Bankr. S.D. Fla. 1989) (noting that "there might be special circumstances where the rights of intervening third parties might militate against correction of a clerical error"); *U.S. v. Stuart*, 392 F.2d 60, 63 (3d Cir. 1968) (affirming trial court's order allowing for the record to be supplemented pursuant to Rule 60(a) and noting that the matter did not "concern[]…the rights of intervening third parties or a prejudicial change of circumstances").

In this case, however, Carrera was not an innocent third party purchaser who would have been blindsided by the bankruptcy court's correction of the Order Shortening. First, Carrera purchased the 51 S.W. 19th Road Property in a foreclosure sale. In Florida, "a judicial sale may be vacated on a showing of any equitable ground." *U.S. Bank, N.A. v. Vogel*, 137 So. 3d 491, 494 (Fla. 4th DCA 2014) (vacating foreclosure sale where mortgagee inadvertently missed the opportunity to bid at the sale). Thus, Carrera purchased the property with constructive knowledge (if not actual knowledge) of this legal landscape. Second, Carrera was provided with numerous warnings prior to bidding at the foreclosure sale when it registered to bid. The foreclosure website stated, *inter alia*, that:

> User acknowledges and understands there are certain risks associated with bidding at foreclosure and/or tax deed sales. Sales may be subsequently cancelled, set aside or deemed void by a court of law through no fault of the purchaser….THERE ARE CERTAIN RISKS ASSOCIATED WITH THE BIDDING AT FORECLOSURE AND/OR TAX DEED SALES. THE CLERK AND REALAUCTION MAKE NO EXPRESS OR IMPLIED WARRANTIES OR REPRESENTATION ABOUT THE CONDITION, MARKETABILITY, EXISTING OR POTENTIAL USES, TITLE, OUTSTANDING LIENS, MORTGAGES OR OTHER

> ENCUMBRANCES WHICH MAY SURVIVE THE SALE OF THE PROPERTY….It is the sole responsibility of the bidder to perform any and all research necessary regarding the condition, marketability, use of, and current state of the title to any property offered for sale by the Clerk.

Third, Carrera had constructive notice of the Order Shortening, which Plaintiff filed in the foreclosure case prior to Carrera bidding on the property. While the Order Shortening contained the scrivener's error, it put Carrera on notice of the entire First Bankruptcy. Had Carrera researched the First Bankruptcy, it would have seen that the entire purpose for Iskander's Motion to Reopen and Shorten Prejudice Period (ECF 2-3 at 4-5 of 24) was so that Iskander could attempt to restructure the debt on the 51 S.W. 19th Road Property. Moreover, the Order Shortening itself made clear that the purchase of the property carried risks for the buyer because a bankruptcy court had enjoined the issuance of a certificate of title. These factors put Carrera on notice of the risks involved in bidding on the property. *See generally Palm Beach Horizons, Inc. v. Washington Mutual Bank*, 744 So. 2d 1074 (Fla. 4th DCA 1999) (foreclosure sale invalidated after suggestion of bankruptcy filed, despite purchaser not having actual notice of the suggestion of bankruptcy, and despite the issuance of the certificate of sale); *Citibank, Federal Savings Bank v. Covington*, 810 So. 2d 1083 (Fla. 4th DCA 2002) (foreclosure sale set aside when suggestion of bankruptcy filed in foreclosure case two and a half hours after sale).

Just as, on the one hand, Carrera was not an innocent third party purchaser without notice of the risks involved in its purchase of the property, on the other hand, Iskander was not dilatory in his attempt to correct the scrivener's error. Ten days after Carrera became the successful bidder on the property, Iskander moved in the First Bankruptcy to correct the scrivener's error. Moreover, Iskander represented that he was willing to pay Carrera interest on the money it had placed with the clerk for the purchase of the property. Carrera, of course, would have the return of its purchase price as well.

Iskander's diligence places him in a much different circumstance from that faced by the debtor in *In re Brown*, a case relied upon by Carrera. 290 B.R. 415 (Bankr. M.D. Fla. 2003). In that case, the debtor filed a chapter 13 case to prevent the foreclosure of her homestead. The bankruptcy case automatically stayed the sale of the property. The bankruptcy case was later dismissed, and the mortgagee holding the first mortgage on the property rescheduled the foreclosure sale. The debtor then filed a motion for reconsideration

6

of the dismissal order in the bankruptcy case, but failed to serve the motion on the mortgagee, a creditor entitled to notice. One day prior to the foreclosure sale, a hearing was held in the bankruptcy case on the debtor's motion for reconsideration. The mortgagee was not present because it had no notice of the motion or hearing. The bankruptcy court ruled orally in favor of the debtor and reinstated the bankruptcy case. The next day, one William R. Hobson ("Hobson"), a third party without notice of the ruling on the reinstatement of the case, purchased the property, and a certificate of sale was issued to him that very day. *Id.* at 419. An order on the motion for reconsideration was subsequently entered in the bankruptcy case. Hobson then moved for an order from the bankruptcy court that the automatic stay did not apply to the foreclosure sale.

The *In re Brown* Court weighed the equities and held that the automatic stay would not apply to the foreclosure sale. The Court stated:

> Here is a third-party purchaser, who in good faith was the successful bidder of the Property. There was no notice given to any of the parties at the foreclosure sale of the reinstatement of the case. Even though there was no order entered as yet, there is no evidence that the Debtor attempted to contact the USA to stop the foreclosure sale. A telephone call would have put the USA on actual notice of the reinstated case. In fact, no notice was given until the Court served the order reinstating the case to all the creditors. By that time, the certificate of sale had already been issued. Once the certificate of sale was issued, the Debtor lost her opportunity to cure the arrearages and reinstate the mortgage in a chapter 13 case.

*Id.* at 422. The *In re Brown* Court further noted that avoiding the foreclosure sale "when the innocent third-party purchaser for value had no actual or constructive knowledge of the reinstatement of the case would have a chilling effect on properly conducted foreclosure sales." *Id.*

Here, Iskander did provide constructive notice to the mortgagee and Carrera when he filed the Suggestion of Bankruptcy and Order Shortening in the foreclosure case prior to the foreclosure sale. And Carrera, unlike Hobson, had constructive knowledge of the pendency of a bankruptcy case and an injunction preventing the clerk from issuing the successful bidder a certificate of title. Had Carrera researched the First Bankruptcy proceedings, it would have learned that the sole purpose of the Order Shortening was to give Iskander the opportunity to try to restructure the loan on the 51 S.W. 19th Road Property.

7

Finally, this case is distinguishable from *In re Brown* in that it deals with a classic example of a clerical error in the court's order, for which Rule 60(a) provides a remedy.

Thus, I find that the bankruptcy court erred in evaluating the equities involved. Carrera was not an innocent third party purchaser without notice of the bankruptcy proceedings or the risks involved in the purchase of the property, and Iskander was diligent in attempting to mitigate the harm caused by the clerical error in the Order Shortening.

## IV. CONCLUSION

For the foregoing reasons, I find that the bankruptcy court abused its discretion when it granted Carrera USA, LLC's Emergency Motion for Relief From Stay. Accordingly, the Order Granting Carrera USA, LLC's Emergency Motion for Relief From Stay is **REVERSED**, and this matter is **REMANDED** to the bankruptcy court for further proceedings consistent with this Order. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of August 2015.

/s/ Marcia G. Cooke
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*